UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EXQUISITE MULTIMEDIA, INC.,

       Plaintiff,



12 Civ. 3983 (ALC)

      - against -                              **ORDER**

DOES 1-21,

       Defendants.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff has filed an action against 21 John Doe defendants, alleging that they traded plaintiff's copyrighted work using cooperative file-sharing without authorization. Plaintiff responded to a show cause order as to why this action should not be dismissed without prejudice, so that plaintiff can file separate actions against each defendant and pay the required filing fee in each case.

       Permissive joinder is not authorized in these circumstances where the defendants accessed a single "swarm" at different time periods to download a movie for each defendant's personal use on individual personal computers, which amounts to "merely commit[ing] the same type of violation in the same way." *See Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty*, 497 F.2d 1151, 1154 (2d Cir. 1974). While Plaintiff argues that Judges Forrest and Nathan have recognized joinder in his other "swarm" cases, many judges have exercised discretion to sever plaintiff's claims against defendants under Fed. R. Civ. P. 20(b), 21, and 42(b). I agree that joinder is improper and accordingly incorporate the reasoning of my colleague Judge Colleen McMahon in *Digital Sins, Inc. v. John Does 1-245*, No. 11-cv-8170 (CM) (S.D.N.Y. May 15, 2012) and *Combat Zone Corp. v. Does 1-34*, No. 12-cv-4133 (CM) (S.D.N.Y. June 18, 2012) as well as the Report and Recommendation of Magistrate

Judge Gary R. Brown of the Eastern District of New York, in *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012).

The court hereby severs John Does 2-21 from this action and dismisses as against them without prejudice. Plaintiff may proceed against John Doe 1, and may have permission to take pre-service discovery, under the protocols proposed by Judge Nathan in *Digital Sin, Inc. v. Does 1-176*, No. 12-126 (AN) (S.D.N.Y. Jan. 30, 2012).


Dated: New York, New York
July 25, 2012

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge